Zelma RIVAS, Plaintiff–Appellant,

v.

NEW YORK STATE LOTTERY, Margaret R. Defranciso, Esq., Director, New York State Department of Audit & Control, New York State Department of Civil Service, New York State Civil Service Commission, George C. Sinnott, President Of Nys Civil Service Commission & Department, Civil Service Employee Assoc., Csea Local No. 661, Karen Aveyard, Defendants–Appellees.

Docket No. 02–7471.

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Robert E. Harris, Albany, NY, for Appellant.

Frank K. Walsh, Assistant Solicitor General of the State of New York (Elliot Spitzer, Attorney General, Andrea Oser, Assistant Solicitor General, of counsel) Albany, NY, for Appellee.

Present KEARSE, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Zelma Rivas filed suit in the United States District Court for the Northern District of New York against the defendants-appellees, the New York State Lottery, Director Margaret R. DeFrancisco, New York State Department of Audit & Control, New York State Department of Civil Service, New York State Civil Service Commission, Commission President George C. Sinnott, Civil Service Employee Association, CSEA Local No. 661, and Karen Aveyard, alleging that they had racially discriminated against her by failing to promote her in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e–2(a)(1), and 42 U.S.C. § 1983. The relevant facts are set forth in the district court's opinion. *Rivas v. New York State Lottery*, No. 00–CV–0746, slip op. at 2–3 (N.D.N.Y. March 26, 2002).

The district court (Frederick J. Scullin, Jr., *Judge*) granted the defendants' motion for summary judgment and dismissed Rivas's complaint, finding that Rivas failed to state a prima facie case under Title VII and that the § 1983 cause of action failed against each of the defendants.

On appeal, the plaintiff argues that she presented evidence of a Title VII violation sufficient to survive a motion for summary judgment. We conclude that Rivas failed to allege circumstances that could give rise to an inference of discrimination, and that she therefore failed to state a prima facie case under Title VII. *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir.2000).

The plaintiff also reasserts her § 1983 cause of action, but offers us no basis for concluding that the district court erred in finding that the cause of action failed with respect to each of the defendants. The § 1983 cause of action failed against each of the defendants for the following reasons: The New York State Department of Civil Service, the New York State Civil Service Commission, the New York State Department of Audit & Control, and the New York State Lottery were all protected under the doctrine of sovereign immunity. *Komlosi v. New York State Office of Mental Retardation & Dev. Disabilities,* 64 F.3d 810, 815 (2d Cir.1995). The Civil Service Employee Association is not a "person" as is required for suits brought pursuant to § 1983. *Fitzpatrick v. Wert,* 432 F.Supp. 601, 602 (W.D.N.Y.1977) (citing *Monell v. Dept. of Social Servs.,* 532 F.2d 259, 262–63 (2d Cir.1976)). And Rivas never alleged that the individually named defendants were personally involved in any of the allegedly prohibited conduct, as is required to state a claim pursuant to § 1983. *Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir.1995). We therefore conclude that the district court's dismissal of the § 1983 cause of action was warranted.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.